UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALBERT BUDDY DEAN                                              CIVIL ACTION

VERSUS                                                         NUMBER: 21-1849

LAFOURCHE PARISH, ET AL.                                       SECTION: "S"(5)

**REPORT AND RECOMMENDATION**

This 42 U.S.C. § 1983 proceeding was filed *in forma pauperis* by *pro se* Plaintiff, Albert Buddy Dean, against Defendants, the Parish of Lafourche, the Medical Department of the Lafourche Parish Criminal Complex ("LPCC"), the Federal Emergency Management Agency ("FEMA"), the Centers for Disease Control and Prevention ("CDC"), the State of Louisiana and Governor John Bel Edwards. (Rec. doc. 1, pp. 1, 4). Plaintiff, an inmate of LPCC, complains of the circumstances surrounding his possible exposure to and treatment for COVID-19 in July of this year.[1] (*Id.* at pp. 4-5). Plaintiff faults the CDC and FEMA for not investigating the emergent situation that he faced. (*Id.*). Plaintiff also sued the governor in relation to news coverage about the pandemic and the State of Louisiana for general lack of preparedness.

---

[1] The instant civil action was one of many largely identical lawsuits which arrived at this Court within a short time-period. Those lawsuits were seemingly filed by different Lafourche Parish inmates; however, all were in the same handwriting and bore remarkably similar statements of claims. Many of these lawsuits have already been dismissed as frivolous and for failing to state a claim upon which relief can be granted. *See*, *e.g.*, *Smith v. Lafourche Parish*, Civ. Action No. 21-1714 "I"(5), 2021 WL 4972374 (E.D. La.) (dismissed as frivolous and for failing to state a claim upon which relief can be granted); *Frazier v. Lafourche Parish*, Civ. Action No. 21-1715 "T"(3); *Galliano v. Lafourche Parish*, Civ. Action No. 21-1727 "R"(5); *Lerille v. Lafourche Parish*, Civ. Action No. 21-1729 "I"(5), 2021 WL 4972369 (dismissed as frivolous and for failing to state a claim upon which relief can be granted); *Grant v. Lafourche Parish*, Civ. Action No. 21-1782 "B"(5); *Gros v. Lafourche Parish*, Civ. Action No. 21-1783 "A"(2); *LeBlanc v. Lafourche Parish*, Civ. Action No. 21-1784 "J"(5); *Slade v. Lafourche Parish*, Civ. Action No. 21-1816 "L"(3); *Dillon v. Lafourche Parish*, Civ. Action No. 21-1824 "F"(3); *Bourgeois v. Lafourche Parish*, Civ. Action No. 21-1825 "S"(3); and *Payne v. Lafourche Parish*, Civ. Action No. 21-1826 "A"(5); *Benoit v. State of Louisiana, et al.*, Civ. Action No. 21-1887 "I"(1).

Plaintiff seeks the placement of a new medical provider at LPCC; $2,000,000 in compensatory damages; and payment of the filing fee. (*Id.* at p. 6).

As noted above, Plaintiff has initiated this suit *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Rec. doc. 3). A proceeding brought *in forma pauperis* may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* 28 U.S.C. § 1915A(b), 42 U.S.C. § 1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

The first-listed Defendant, the Parish of Lafourche, is a local governing body that is considered to be a "person" within the meaning of § 1983. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694-95, 98 S.Ct. 2018, 2037-38 (1978). However, a governmental body like Lafourche Parish may be held liable under § 1983 only where the execution of an unconstitutional policy or custom proximately causes a plaintiff's injuries. *Id. Carter v. Strain*, No. 09-CV-0015, 2009 WL 3231826 at *2 (E.D. La. Oct. 1, 2009)( quoting *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007), *cert. denied*, 555 U.S. 813, 129 S.Ct. 42 (2008)). "'A plaintiff may not infer a policy merely because harm resulted from some interaction with a government entity.'" *Id.* (quoting *Colle v. Brazos County, Texas*, 982 F.2d 237, 245 (5th Cir. 1993)). Rather, the plaintiff "… must <u>identify</u> the policy or custom which allegedly caused the deprivation of his constitutional rights." *Id.* (citing *Murray v. Town of Mansura*, 76 Fed.

Appx. 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 Fed. Appx. 315, 316 (5th Cir. 2003)). As Plaintiff does not allege that the purported deprivation of his constitutional rights resulted from a policy or custom, much less identify any such policy or custom, any § 1983 claim against Lafourche Parish should be dismissed as frivolous and for failure to state a claim under § 1915(e)(2)(B)(i) and (ii). *Authement v. Parish of Terrebonne*, No. 09-CV-4618, 2010 WL 1930943 at *6 (E.D. La. Mar. 19, 2010), *adopted*, 2010 WL 1930938 (E.D. La. May 10, 2010).

A similar result obtains for the second Defendant identified by Plaintiff, the Lafourche Parish Medical Department. This is so because discrete departments of prison facilities are simply not considered to be "persons" under § 1983. *Howard v. Gusman*, No. 11-CV-2602, 2011 WL 6130763 at *2-3 (E.D. La. Nov. 17, 2011), *adopted*, 2011 WL 6148592 (E.D. La. Dec. 8, 2011); *Jacobson v. Gusman*, No. 09-CV-3695, 2009 WL 2870171 at *2 (E.D. La. Aug. 10, 2009), *adopted*, 2009 WL 2957961 (E.D. La. Aug. 26, 2009). In light of these authorities, it will be recommended that Plaintiff's § 1983 claim against the Lafourche Parish Medical Department be dismissed with prejudice pursuant to §1915(e)(2)(B)(i) and (ii).

The next two Defendants, the CDC and FEMA, share a common characteristic and will thus be addressed together. No § 1983 action against those two Defendants lies here as they are federal agencies that operate under federal law and are not "persons" or state actors acting under color of state law. *Lyons v. Sheetz*, 834 F.2d 493, 495 (5th Cir. 1987); *Scott v. United States Veteran's Admin.*, 749 F. Supp. 133, 134 (W.D. La. 1990), *aff'd*, 929 F.2d 126 (5th

Cir. 1991); *Emerson v. Louisiana*, No. 07-CV-0456, 2008 WL 294899 at *2 (M.D. La. Jan. 31, 2008)(FEMA). There are no viable § 1983 claims against these two Defendants.

As for the governor, Plaintiff alleges only that "Gov. John Bel Edwards never mentioned jails in a breaking news story about the deadly and contagious disease." (Rec. Doc. 1, Complaint, p. 5). Even if that is true, it would not, in and of itself, violate any of Plaintiff's federally protected rights.

Further, Governor Edwards is not a proper Defendant with respect to actions or omissions by Lafourche Parish jail officials. LPCC is a parish jail, and a Louisiana governor has no authority over a parish jail's operations or employees. *See Galo v. Blanco*, No. 06-4290, 2006 WL 2860851, at *2-3 (E.D. La. Oct. 4, 2006). Therefore, Governor Edwards cannot be held legally responsible for the conditions within the jail or the actions or inactions of jail personnel. *See id.* at *3.

Finally, the State of Louisiana is named as a Defendant. However, the State of Louisiana is not a "person" subject to suit under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 66 (1989); *Cronen v. Texas Department of Human Services*, 977 F.2d 934, 936 (5th Cir. 1992); *Tyson v. Reed*, Civ. Action No. 09-7619, 2010 WL 360362, at *3 (E.D. La. Jan. 21, 2010). Further, even if the State were considered a proper defendant, which it is not, the State of Louisiana is immune from suit in federal court under the Eleventh Amendment. Unless a state has waived its immunity, the Eleventh Amendment bars the state's citizens from filing suit against the state in federal court for either monetary damages or injunctive relief. *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 280 (5th Cir.

2002). Generally, the State of Louisiana has not waived its immunity or consented to the exercise of federal judicial power in civil actions against it. La. Rev. Stat. Ann. § 13:5106(A); *Cozzo*, 279 F.3d at 281; *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147 (5th Cir. 1991). Because the State of Louisiana is immune from suit and has not waived its immunity, Plaintiff's claims against the State of Louisiana must also be dismissed.

In closing, some final observations are in order. Above the caption on the first page of the § 1983 complaint form that he submitted Plaintiff added the handwritten notations of "Writ of Habeas Corpus," and "Writ of Mandamus." (Rec. doc. 1, p. 1). As for the former notation, it would be inappropriate to construe this matter as a habeas petition as Plaintiff does not name as the Defendant/Respondent herein the individual who has custody of him, he makes no showing of having exhausted available state-court remedies, and his release from custody is not an available remedy under § 1983. As for Plaintiff's reference to mandamus, that species of relief is a "drastic and extraordinary" remedy "reserved for really extraordinary causes." *Cheney v. Dist. Court for the Dist. Of Columbia*, 542 U.S. 367, 380, 124 S.Ct. 2576, 2586 (2004). Such relief may be granted only when the mandamus petitioner is able to establish that: (1) he is clearly entitled to the relief requested, (2) the respondent has a clear duty to act, and (3) no other adequate remedy is available. *In re Sessions*, 672 F.2d 564, 566 (5th Cir. 1982). Mandamus is not available to review discretionary acts of agency officials. *Green v. Heckler*, 742 F.2d 237, 241 (5th Cir. 1984). Finally, the federal mandamus statute, 28 U.S.C. § 1361, pertains only to officers and employees of the United States or any agency thereof.

The guidance offered by the CDC and FEMA regarding COVID-19 is just that. As noted by the Fifth Circuit, the "... Eighth Amendment does not enact the CDC guidelines" and a prison's failure to comply with CDC guidelines "... does not clearly evince a wanton disregard for any serious medical needs." *Valentine v. Collier*, 978 F.3d 154, 164 (5th Cir. 2020)(internal quotation omitted); *see also Young v. Ledet*, No. 20-CV-2165, 2021 WL 799683 at *16 (E.D. La. Jan. 15, 2021), *adopted*, 2021 WL 795981 (E.D. La. Mar. 2, 2021). Mandamus is not available to review the discretionary acts of the CDC and FEMA respecting the pandemic.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this 18th day of November, 2021.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.